# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Terrell Christopher Gardner | Raven Transport Co., Inc., and Jeffrey S. Powers, Jointly or Severally |

| (b) County of Residence of First Listed Plaintiff    Wayne | County of Residence of First Listed Defendant    State of Florida |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Joseph Dedvukaj (P51335)<br>1277 West Square Lake Rd, Bloomfield Hills, MI 48302<br>248.352.2110/Fax: 248.352.0880 | Walter J. Fitzgibbons (P43520)<br>28411 Northwestern Hwy, Suite 640, Southfield, MI 48034<br>248.223.0120   Fax: 603.334.9174 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government
  Plaintiff
- ☐ 3 Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government
  Defendant
- ☒ 4 Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*         *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original
  Proceeding
- ☒ 2 Removed from
  State Court
- ☐ 3 Remanded from
  Appellate Court
- ☐ 4 Reinstated or
  Reopened
- ☐ 5 Transferred from
  Another District
  *(specify)*
- ☐ 6 Multidistrict
  Litigation -
  Transfer
- ☐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28, United States Code, Section 13332

Brief description of cause:
Motor vehicle accident with claimed personal injuries

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE            DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 3/25/19 | */s/ Water J. Fitzgibbons* |

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Approved, SCAO

| Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-002966-NI<br>Hon.Patricia Perez Fresard |

Court address: 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-5173

Plaintiff's name(s), address(es), and telephone no(s)
GARDNER, TERRELL CHRISTOPHER

v

Defendant's name(s), address(es), and telephone no(s).

POWERS, JEFFREY S.

437 S Linden Ave
Miamisburg OH 45342
(937) 901-3569

Plaintiff's attorney, bar no., address, and telephone no
Joseph Dedvukaj 51335
1277 W Square Lake Rd
Bloomfield Hills, MI 48302-0845

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the  complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.

| SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1.   You are being sued.
2.   **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3.   If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4.   If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/1/2019 | Expiration date*<br>5/31/2019 | Court clerk<br>Carlita McMiller |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)          SUMMONS

MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



SUMMONS
Case No. : 19-002966-NI

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**    **OR**    ☒ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____ Date , _____ County, Michigan.

My commission expires: _____ Date Signature: _____ Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

_____ on _____ Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

TERRELL CHRISTOPHER GARDNER,

     Plaintiff,                                 19-                    -NI

Vs.

RAVEN TRANSPORT CO. INC., AND JEFFREY S. POWERS, Jointly or Severally,

     Defendants.

_____/

JOSEPH DEDVUKAJ (P51335)

Attorney for Plaintiff

1277 West Square Lake Road

Bloomfield Hills, Michigan 48302

Phone#(248) 352-2110

Fax#(248) 352-0880

Email: jdlawfirm@aol.com

_____/

**There was a previous civil action assigned to Judge Patricia Fresard, Case#18-000208-NF.**

**COMPLAINT**

Now Comes the Plaintiff, TERRELL CHRISTOPHER GARDNER, by and through his attorneys The Joseph Dedvukaj Firm, P.C., by Joseph Dedvukaj and for his complaint against the defendants, states:

1. Plaintiff is a resident of the County of Wayne, State of Michigan.

2. Defendant, RAVEN TRANSPORT CO. INC (herein called "Raven") is upon information and belief, is a corporation doing business in the State of Florida.

3. Defendant, JEFFREY S. POWERS, is a resident of the State of Ohio.

1

4. The incident occurred in Wayne County, Michigan, and this claim is otherwise within the jurisdiction of this court and exceeds the jurisdictional limit of $25,000.

5. Defendant JEFFREY S. POWERS was at the time of the incident a commercial truck driver for Defendant Raven.

6. Defendant JEFFREY S. POWERS was acting within the course and scope of his employment at Raven when he negligently caused the plaintiff's injuries.

7. Defendant Raven is directly and vicariously liable for plaintiff's injuries.

## COUNT I – NEGLIGENCE

8. Plaintiff incorporates by reference paragraph 1 – 7.

9. On January 10, 2017, at approximately 4:20 a.m., the plaintiff was traveling north on Interstate 75.

10. Defendant JEFFREY S. POWERS was the operator of a 2014 Peterbilt Conventional Tractor-trailer bearing Florida Plate#F2171V and VIN#1NPVDH9X2ED231077.

11. At the time of the collision, Defendant JEFFREY S. POWERS, was northbound on I-75 when he suddenly and without warning struck Plaintiff's vehicle in the rear, causing plaintiff serious and permanent injuries.

12. At the time of the accident the weather was cloudy, snow and night.

13. Plaintiff is free of any fault.

14. Plaintiff was within the course and scope of his employment with Raven.

15. On said date, the Defendants, JEFFREY S. POWERS and Raven, committed acts and omissions of negligence, which are based upon a violation of the Federal Motor Carrier Safety Regulations and statutes of the State of Michigan, in the following manner:

a. Defendant improperly changed lanes in violation of § 40-6-48, before it was safe to do so;

b. Defendant failed to maintain control of his vehicle at all times;

c. Defendant failed to keep an assured clear distance;

d. Defendant failed to maintain an assured clear distance from plaintiff's tractor/trailer;

e. Defendants was going too fast for the road conditions to maintain control of the vehicle;

f. Defendant failed to keep a proper lookout and otherwise pay attention to the road ahead;

g. Defendant fell asleep at the wheel;

h. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. Sec. 383-51, Sec. 383.31-37, 383.77 and 383.110-113 regarding Reid's commercial driver's license;

i. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. Sec. 393.45, 393.47(e), and 393.53(b) regarding vehicle non-compliance;

j. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. sec 391 regarding driver certification and qualifications;

k. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. 382 requiring alcohol and drug testing;

l. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. Sec 392.14 regarding the reduction of speed and use of extreme caution in hazardous conditions;

m. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. sec. 392.3 regarding the driver operation of vehicle while ill or fatigued;

n. JEFFREY S. POWERS and Raven failed to complaint with 49 C.F.R. sec. 391.41 regarding driver's medical examination and certification;

o. JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. sec. 380.503 requiring driver mandated entry level training;

3

p.  JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. sec. 395 requiring driver to comply with hours of service rules;

q.  JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. sec. 395.8(e) and (k) driver failure to complete, failure to preserve, making false report of duty and retention;

r.  JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. 396.3(a)(1) regarding the safe and proper operating condition at all times;

s.  JEFFREY S. POWERS and Raven failed to comply with 49 C.F.R. 396.7 (a) regarding the operation of the commercial motor vehicle in such a condition as likely to cause an accident; and

t.  Defendants may have been negligent in some other manner which discovery may show.

16. Defendant Raven is also liable under the Michigan owner's liability statute.

## DAMAGES

17. Plaintiff incorporates by reference paragraph 1 – 16.

18. Defendant's acts and omissions of negligence were a proximate cause of the plaintiff's injuries.

19. At the time of the motor vehicle collision, the plaintiff was 24 years old and in good general health.

20. Plaintiff's injuries constitute a serious impairment of an important bodily function which affected and continues to affect his ability to lead a normal life and serious permanent disfigurement.

21. Plaintiff's injuries, include but are not limited to, head; neck; back; loss of cervical lordosis; C5-C6 and C6-C7 disc bulges with desiccation; right upper extremity radiculopathy; vestibular dysfunction; right shoulder pain with tendonitis; lumbar myofascitis; lumbar

4

radiculopathy; adjustment disorder with anxiety; pain disorder; myofascial pain syndrome, permanent residual impairment; and injuries to other parts of his body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any pre-existing problem which might have existed.

22. Plaintiff has lost wage and his earning capacity in the past, present and future.

23. Plaintiff has also incurred economic expenses which exceed no-fault insurance reimbursement and defendant is responsible to pay ay differential in medical expenses, replacement services and wages loss. Plaintiff is also seeking past, present, and future economic losses consisting of same kind of economic damages.

Wherefore, the plaintiff, Terrell Christopher Gardner, prays this Honorable Court will enter judgment against the Defendants, jointly or severally, and in favor of the plaintiff for an amount in excess of $25,000, deemed fair and just, and award attorney fees, costs, and interest so wrongfully incurred.

Respectfully submitted,

THE JOSEPH DEDVUKAJ FIRM, P.C.

By: /s/ Joseph Dedvukaj
     Joseph Dedvukaj (P51335)
     Attorney for Plaintiff
     1277 West Square Lake Road
     Bloomfield Hills, Michigan 48302
     Phone#(248) 352-2110
     Fax#(248) 352-0880
     Email: jdlawfirm@aol.com

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

        Plaintiff,

v.

RAVEN TRANSPORT CO. INC., AND JEFFREY S.
POWERS, Jointly or Severally

        Defendants.

Case No. 19-002966-NI
Honorable Patricia P. Fresard

U.S. District Court Case No.:
_____

The Hon. _____

| | |
|---|---|
| JOSEPH DEDVUKAJ (P51335)<br>The Joseph Dedvukaj Firm, P.C.<br>Attorney for Plaintiff<br>1277 West Square Lk Rd<br>Bloomfield Hills, MI 48302<br>(248) 352-2110<br>jdlawfirm@aol.com | WALTER J. FITZGIBBONS (P43520)<br>Law Offices of Christine Greig<br>Attorney for Defendant<br>28411 Northwestern Hwy., Suite 640<br>Southfield, MI 48034<br>248-223-0120<br>Fax:  603-334-9174<br>Walter.Fitzgibbons@libertymutual.com |

## NOTICE OF REMOVAL OF ACTION TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

    NOW COME THE ABOVE-NAMED DEFENDANTS, Raven Transport Co. Inc., and Jeffrey S. Powers, by and through its attorneys, Law Offices of Christine Greig, by Walter J. Fitzgibbons, and states as follows:

1. Petitioner is the Defendant in the Civil Action commenced on March 1, 2019, in the Circuit Court for the County of Wayne, State of Micigan, Case Number 19-002966-NI, entitled *Terrell Christopher Gardner v. Raven Transport Co. Inc., and Jeffrey S. Powers, Jointly or Severally.*

2. Upon information and belief, a service of Summons and Complaint was made on Defendants, Raven Transport Co. Inc., and Jeffrey S. Powers, on March 14, 2019.

3. That this action is one over which the District Court of the United States is given original jurisdiction under the provisions of Title 28, United States Code, Section 13332, and is one which may be removed to this Court by the Petitioner,

Defendant, herein, pursuant to the provisions of Title 28, United States Code, Section 1441.

4. That the above entitled cause of action involves a controversy that exists between citizens of different states. The Plaintiff is a resident and citizen of the State of Michigan, while Defendant, Raven Transport Co. Inc., is a corporation incorporated under the laws of the State of Florida.

5. Furthermore, while the Plaintiff is a citizen and resident of the State of Michigan, Defendant, Jeffrey S. Powers, is a citizen and resident of the State of Ohio.

6. As such diversity of citizenry exists between all of the named parties involved in the subject suit.

7. That based upon a description by the plaintiff's complaint and of the plaintiff's alleged damages, Plaintiff will assert that the amount in controversy appears to meet the jurisdictional limits of this Honorable Court.

WHEREFORE, Defendants, Raven Transport Co. Inc., and Jeffrey S. Powers, prays that this action, now pending in the Circuit Court for the County of Wayne, State of Michigan, Case No. 19-002966-NI, be removed from Wayne County Circuit Court to this Honorable Court.

Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*
BY: WALTER J. FITZGIBBONS (P43520)
Attorney for Defendants Powers and Raven
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

DATED: March 25, 2019

## **PROOF OF SERVICE**

STATE OF MICHIGAN        )
                         )ss
COUNTY OF OAKLAND)


     Tracee A. Rodriguez, being duly sworn on the 25th day of March, 2019 deposes and says that she served a copy of the attached Notice of Removal of Action, Civil Cover Sheet, Appearance, Notice of Entry of Appearance, Answer to Complaint, Reliance Upon Jury Demand, Affirmative and/or Special Defenses and Reservation Thereof, upon the above-named attorneys at their respective email addresses.


*/s/ Tracee Rodriguez*
TRACEE A. RODRIGUEZ

## <u>DIRECTIONS FOR PETITION FOR REMOVALS</u>

1.     Obtain a check for the Removal Fee ($150.00) made payable to the Court the action is being removed to – Contact Court to confirm court fee.

2.     Prepare:
     Answer to Complaint
     Affirmative Defenses
     Jury Demand/Reliance Upon Jury Demand
     Interrogatories
     Notice of Removal of Action  (Copies for all Courts, all involved atty's and file)

3.     File with the Court the action is to be removed from –

     a.     Civil Cover Sheet (Attorney to Fill in)Available at -
              http://www.miwd.uscourts.gov/Forms/forms.html
     b.     Notice of Removal of Action – attach copy of original Summons & Complaint
     c.     Appearance
     d.     Answer to Complaint
     e.     Affirmative Defenses
     f.     Jury Demand/Reliance Upon Jury Demand
     g.     Interrogatories
     h.     Proof of Service

**NOTE – Obtain time stamped copies of the Notice of Removal**

4.     File with the Court the action is being removed to –

     a.     Check for Fee
     b.     Time Stamped copy of the Notice of Removal
           Appearance
           Answer
           Affirmative Defenses
           Jury Demand/Reliance Upon Jury Demand
           Civil Cover Sheet
           Interrogatories
           Proof of Service

5.     After the filing with the Court the action was removed to has been completed, send copies to all counsel, and a Proof of Service to the original Court.

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

        Plaintiff,                             Case No. 19-002966-NI
                                                   Honorable Patricia P. Fresard

v.

RAVEN TRANSPORT CO. INC., AND JEFFREY S.
POWERS, Jointly or Severally

        Defendants.

| | |
|---|---|
| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax: 603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

## DEFENDANTS JEFFREY POWERS AND RAVEN TRANSPORT INC.'S APPEARANCE AND NOTICE OF ENTRY OF APPEARANCE

TO:     CLERK OF THE COURT

      Please enter our Appearance as Attorneys for Defendants Jeffrey Powers and Raven Transport Inc. in the above-entitled cause.

TO:     ATTORNEYS OF RECORD:

      Please take notice that we have entered our Appearance as Attorneys for Defendants Jeffrey Powers and Raven Transport Inc. in the above entitled cause of action.

                                Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY: WALTER J. FITZGIBBONS (P43520)
Attorney for Defendants Powers and Raven
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120


DATED: March 25, 2019

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

        Plaintiff,

v.

RAVEN TRANSPORT CO. INC., AND JEFFREY S.
POWERS, Jointly or Severally

        Defendants.

Case No. 19-002966-NI
Honorable Patricia P. Fresard

---

| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
|---|---|
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendants |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## DEFENDANTS JEFFREY POWERS AND RAVEN TRANSPORT INC.S ANSWER TO PLAINTIFF'S COMPLAINT

      NOW COME THE DEFENDANTS, Jeffrey Powers and Raven Transport Inc., by and through their attorneys, Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and in answer to Plaintiff's Complaint, state as follows:

1. Neither admitted nor denied, for lack of information to plead more definitely.

2. Admitted.

3. Admitted.

4. Denied, because the allegations are untrue.

5. Neither admitted nor denied, for lack of information to plead more definitely.

6. Denied in the form and fashion stated, because the allegations are untrue.

7. Denied, because the allegations are untrue.

## COUNT I – NEGLIGENCE

8.  All previous answers given by Defendants are hereby incorporated by reference in response to the incorporated paragraphs listed by Plaintiff.

9.  Neither admitted nor denied, for lack of information to plead more definitely.

10. Neither admitted nor denied, for lack of information to plead more definitely.


11. Denied in the form and fashion stated, because the same is untrue.

12. Neither admitted nor denied, for lack of information to plead more definitely.

13. Neither admitted nor denied, for lack of information to plead more definitely.

14. Denied in the form and fashion stated, because the same is untrue.

15. Denied, because the allegations are untrue, including subparts a – t.

16. Denied, because the allegations are untrue.

## DAMAGES

17. All previous answers given by Defendants are hereby incorporated by reference in response to the incorporated paragraphs listed by Plaintiff.

18. Denied, because the allegations are untrue.

19. Neither admitted nor denied, for lack of information to plead more definitely.

20. Neither admitted nor denied, for lack of information to plead more definitely.

21. Neither admitted nor denied, for lack of information to plead more definitely.

22. Neither admitted nor denied, for lack of information to plead more definitely.

23. Denied, because the allegations are untrue.

WHEREFORE, Defendants prays for a judgment in their favor, of "no cause of action," dismissal of the complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.


Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY: WALTER J. FITZGIBBONS (P43520)
Attorney for Defendants Powers and Raven
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120


DATED: March 25, 2019

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

     Plaintiff,                            Case No. 19-002966-NI
                                               Honorable Patricia P. Fresard

v.

RAVEN TRANSPORT CO. INC., AND
JEFFREY S. POWERS, Jointly or Severally

     Defendants.

| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
|---|---|
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax: 603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

## DEFENDANTS JEFFREY POWERS AND RAVEN TRANSPORT INC.'S JURY DEMAND

     Defendants Jeffrey Powers and Raven Transport Inc. demand trial by jury of all issues raised in the complaint, answers, affirmative and special defenses, cross and counter-claims, third-party actions, or other related claims, whether presently or subsequently joined thereto.

               Respectfully Submitted,

               LAW OFFICES OF CHRISTINE GREIG

               */s/ Walter J. Fitzgibbons*
               BY: WALTER J. FITZGIBBONS (P43520)
               Attorney for Defendants Powers and Raven
               28411 Northwestern Hwy., Suite 640
               Southfield, MI 48034
               Walter.Fitzgibbons@libertymutual.com
               248-223-0120

DATED: March 25, 2019

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

        Plaintiff,

v.

RAVEN TRANSPORT CO. INC., AND JEFFREY S.
POWERS, Jointly or Severally

        Defendants.

Case No. 19-002966-NI
Honorable Patricia P. Fresard

---

| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
|---|---|
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax:  603-334-9174 |
|  | Walter.Fitzgibbons@libertymutual.com |

---

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                       )ss
COUNTY OF OAKLAND    )

     Tracee A. Rodriguez, being duly sworn on March 15, 2019, deposes and says that she served a copy of the attached Appearance and Notice of Entry of Appearance, Answer to Complaint, Affirmative Defenses, Jury Demand and Notice of Deposition upon the above-named attorneys via Wayne County eFile.


                      */s/ Tracee Rodriguez*
                      TRACEE A. RODRIGUEZ

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER GARDNER,

      Plaintiff,                              Case No. 19-002966-NI
                                            Honorable Patricia P. Fresard

v.

RAVEN TRANSPORT CO. INC., AND JEFFREY S.
POWERS, Jointly or Severally

      Defendants.

| | |
|---|---|
| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendants |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

## DEFENDANTS JEFFREY POWERS AND RAVEN TRANSPORT CO. INC'S AFFIRMATIVE AND/OR SPECIAL DEFENSES AND RESERVATION THEREOF

      NOW COME THE DEFENDANTS, Jeffrey Powers and Raven Transport Co. Inc., by and through Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and by way of Affirmative and/or Special Defenses and Reservation thereof, state as follows:

1.  That Defendants were not negligent in any manner with respect to the automobile accident which is the subject matter of Plaintiff's complaint.

2.  That Plaintiff's Complaint is barred by the specific provisions of M.C.L.A. Section 500.3101 et seq., including but not limited to M.C.L.A. Section 500.3135.

3.  That Plaintiff's Complaint fails to comply with the rules and requirements of pleadings set forth in the Michigan General Court Rules, cases and Statutes of the State of Michigan and further that Defendants will move to have all or a portion of same stricken prior to trial.

4. Any damages allegedly sustained by Plaintiff were a proximate result of Plaintiff's own negligence or comparative negligence.

5. Any damages allegedly sustained by Plaintiff were a proximate result of the actions or negligence of persons or parties not under the control or jurisdiction of Defendants.

6. Any damages recovered by Plaintiff must be reduced in proportion to the fault attributable to him.

7. That Plaintiff has failed to mitigate his damages.

8. That any medical condition from which Plaintiff may suffer pre-existed the automobile accident and was in no way caused or aggravated by the automobile accident.

9. That Plaintiff's claim for damages are barred pursuant to M.C.L.A. 600.2955a(1) and (2) because the Plaintiff was impaired due to the ingestion of alcohol or controlled substance, and the Plaintiff's fault is equal or greater than the aggregate fault of the other person or persons that contributed to Plaintiff's alleged injuries, whether or not parties to the action.

10. That some or all of Plaintiff's claims are barred by the applicable Statute of Limitations.

11. Any damages or alleged injuries claimed by Plaintiff were not a proximate result of the accident at issue in this case.

12. That Plaintiff's failure to wear a seat belt constitutes negligence in the amount of 5%.

13. At the time and place alleged, Defendant Jeffrey Powers was confronted with a sudden emergency situation not of his making and for which Defendants Powers or Raven Transport Inc. have no liability, in response to which Defendant Powers acted as a reasonable and prudent person would have done under like or similar circumstances.

14. Plaintiff has not suffered death; serious impairment of body function; or permanent, serious disfigurement as required by MCL 500.3135 to recover damages in this action.

15. Plaintiff's claims for economic loss are barred, in whole or in part, by the Michigan No-Fault Act, MCL 500.3135.

16. To the extent Plaintiff is found to have sustained work loss damages in excess of the limits provided for in MCL 500.3107(1)(b), Defendants are entitled to the deduction set forth in MCL 500.3135(3)(c).

17. All of Plaintiff's claims are barred by the doctrine of Res Judicata.

18. Plaintiff is barred from recovering damages because he is more than 50 percent at fault with regard to the accident in this case.

19. That summary disposition is appropriate under MCR 2.116(c)(2) and (3) for insufficient service of process of Plaintiff's Complaint and/or other pleadings.

20. Plaintiff is barred from recovering noneconomic damages in this case because at the time of the accident in which the injury occurred, he was operating his own vehicle, which did not have in effect for that motor vehicle security required by MCL 500.3101 of the No-Fault Act.

21. The accident or injuries were caused in whole or in part by Plaintiff, other parties to this action, or other persons or entities.  Defendants reserve the right to request Plaintiff's award, if any, be reduced accordingly; and furthermore, Defendants assert the right to have its liability apportioned with respect to co-Defendants or other joint tortfeasors as appropriate.

22. Plaintiff has failed to state a cause of action against these Defendants, and Defendants therefore reserve the right to move for summary disposition pursuant to MCR 2.116.

23. Plaintiff is not the proper party to bring this claim, having been subrogated in whole or in part by another.

24. To the extent that the Plaintiff's allegations can be read to seek recovery of punitive and/or exemplary damages, such allegations are utterly without foundation in fact or law, and in either event, fail to state a claim upon which relief can be granted.

25. If it is found that Plaintiff or anyone on Plaintiff's behalf has previously filed a lawsuit arising out of the same transaction or occurrence or has otherwise released this claim, this cause of action is barred against the Defendants by said release of liability.

26. Defendants state that this court is not the proper venue and/or jurisdiction for this matter and will move to remand same to the proper court/venue/jurisdiction.

27. Defendants rely upon any and all defenses to Plaintiff's claims under the Owners Liability Statute and for respondeat superior and/or vicarious liability.

28. Defendants rely upon any and all of Plaintiff's claims of negligence and/or violations of any Michigan Statutes and/or the Federal Motor Carrier Safety Regulations, including that said claims are untrue.

29. Defendants reserve the right to amend or supplement this pleading as additional defenses become known throughout discovery.

WHEREFORE, Defendants, Jeffrey Powers and Raven Transport Co. Inc., now pray for judgment of no cause for action, together with costs and attorney fees most unjustly incurred.

Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*
BY: WALTER J. FITZGIBBONS (P43520)
Attorney for Defendants Powers and Raven
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

DATED: March 25, 2019

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served
upon all parties to the above cause to each of the attorneys of record
herein on ___**March 25, 2019**___
The parties were served via:

☐ U.S. Mail                    ☐ Facsimile
☐ Hand Delivery                ☐ UPS
☐ Federal Express              ☐ Other
☒ E-File                       ☐ Email

Signed:   _/s/ Tracee Rodriguez_____

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT

TERRELL CHRISTOPHER
GARDNER,

                                  Case No. 19-002966-NI

        Plaintiff,                    Honorable Patricia P. Fresard

v.

RAVEN TRANSPORT CO. INC.,
AND JEFFREY S. POWERS, Jointly
or Severally

        Defendants.

| | |
|---|---|
| JOSEPH DEDVUKAJ (P51335) | WALTER J. FITZGIBBONS (P43520) |
| The Joseph Dedvukaj Firm, P.C. | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 1277 West Square Lk Rd | 28411 Northwestern Hwy., Suite 640 |
| Bloomfield Hills, MI 48302 | Southfield, MI 48034 |
| (248) 352-2110 | 248-223-0120 |
| jdlawfirm@aol.com | Fax: 603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    **ALL COUNSEL OF RECORD:**

        PLEASE TAKE NOTICE that the oral testimony by deposition of Plaintiff Terrell Christopher Gardner will be taken on **July 2, 2019 at 1:30 pm,** before a qualified Notary Public and in accordance with all Michigan Court Rules, at:

The Joseph Dedvukaj Firm, P.C
1277 West Square Lk Rd
Bloomfield Hills, MI 48302
(248) 352-2110

**\*\*PLEASE CONTACT OUR OFFICE IMMEDIATELY IF DEPONENT REQUIRES INTERPRETER AND IF SO, WHAT LANGUAGE AND/OR DIALECT\*\***

        Deponent is to bring all documents, photographs, statements, videotapes or other material that she intends to offer at the time of trial.

Demand is hereby made that counsel for plaintiff produce deponent at the above indicated time and place.

You are at liberty to appear at such time and cross-examine said witness.


Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY: WALTER J. FITZGIBBONS (P43520)
Attorney for Defendants Powers and Raven
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120


DATED: March 25, 2019